(159 App. Div. 468.)

### CENTRAL NEW ENGLAND RY. CO. v. WHITTLEY.

(Supreme Court, Appellate Division, Third Department. November 26, 1913.)

1. EMINENT DOMAIN (§ 188*)—PROCEEDINGS TO CONDEMN—RIGHT TO POSSESSION.

    Under Code Civ. Proc. § 3380, providing that after answer filed, where it appears that the public interest will be prejudiced by delay, plaintiff may enter upon the property and devote it temporarily to the public use specified in the petition, by depositing in court the sum stated in the answer as the value of the property, the mere statement in the petitioner's affidavit that immediate possession is necessary, by reason of the condition of the work, is not sufficient to authorize the granting of such order, but the specific facts showing such necessity must appear.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 506; Dec. Dig. § 188.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. EMINENT DOMAIN (§ 188*)—PROCEEDINGS TO CONDEMN—RIGHT TO POSSES-
   SION—DEPOSIT.
   Under Code Civ. Proc. § 3380, where the answer failed to state the valu-
   ation, the court might determine what deposit should be made, and the
   affidavit opposing a motion for immediate possession claimed a valuation
   of upwards of $14,000, the court was not authorized to grant immediate
   possession, except upon deposit of that sum.
   · [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 506;
   Dec. Dig. § 188.*]

Appeal from Special Term, Ulster County.

Condemnation proceeding by the Central New England Railway Company against John P. Whittley. From an order granting temporary possession to the plaintiff, under section 3380 of the Code of Civil Procedure, of the premises sought to be condemned, defendant appeals. Reversed, with leave to renew.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

A. W. Lent, of Highland, for appellant.

W. C. Anthony, of Newburgh, for respondent.

SMITH, P. J. [1] Under the provisions of section 3380 of the Code of Civil Procedure, where an answer to a petition has been interposed, and it appears to the satisfaction of the court that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition upon depositing with the court the sum stated in the answer as the value of the property. The only evidence to the effect that the public interests will be prejudiced by the delay is the affidavit of the attorney for the petitioner and of the assistant engineer, stating in substance that it is necessary to have the immediate possession of the property to work thereupon. The petition for condemnation states that this property is needed for the purpose of putting thereupon another track of the petitioner's road. The affidavits in reply demonstrate quite clearly that the petitioner had purchased from the defendant sufficient property upon which to put its track, and these affidavits would seem to indicate that the property of which it has by this order obtained immediate possession was needed simply to procure sand and dirt therefrom for the purpose of filling in the tracks at other places. Without opportunity to cross-examine the experts for the petitioner, the mere statement in an affidavit of their conclusion that the immediate possession of the premises is necessary by reason of the condition of the work is not of sufficient probative force to authorize the granting of this order. This is especially so in view of the affidavits of the defendant indicating the use to which the petitioner desires to make of this land. The petitioner must show specific facts from which the court can be satisfied that the possession of the premises sought to be condemned is immediately necessary for the prosecution of the public improvement. These facts do not sufficiently appear in the petitioner's affidavit upon which this order is based.

[2] In the answer there is no statement by the defendant of the value of this land. In the affidavit presented in opposition to this motion, however, the value is claimed to be upwards of $14,000. This valuation is reached by estimating the number of loads of sand and of dirt which are contained in the hill upon the land sought to be condemned, and the market value thereof. The court has granted the right to immediate possession upon the payment of $3,000. If the answer itself had stated the value of the land the court would not have been authorized to allow immediate possession without a deposit of the amount specified in the answer. It was held in the Matter of Niagara, Lockport & Ontario Power Co., 111 App. Div. 686, 97 N. Y. Supp. 853, that where the answer fails to state the valuation, and the owner of the land refuses to place a valuation thereupon, that the court may determine what deposit shall be made which will insure full payment to the owner in case the land is finally condemned. It seems to me that we are not authorized to go beyond that holding. In the case at bar, where upon one rule of damages, which the owner claims to be the proper rule, the land is shown to be worth upwards of $14,-000, the court is not authorized to grant immediate possession, except upon the deposit of that sum.

With these views, it is unnecessary to consider the power of the Special Term outside of the district to entertain this motion. Nor is it necessary to consider the right of the petitioner to immediate possession before the owner's wife, who has since been made a party to the proceeding, has had opportunity to interpose an answer in the proceeding.

The order should therefore be reversed, with $10 costs and disbursements, with leave to renew upon payment of such costs, upon such proofs as the petitioner may be advised to present. All concur.